```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA            :
                                    :
         -v-                        :     04-cr-48-20 (JSR)
                                    :
NELSON MARTINEZ,                    :     MEMORANDUM
                                    :
         Defendant.                 :
------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/11/19

JED S. RAKOFF, U.S.D.J.

On March 14, 2007, a jury convicted defendant Nelson Martinez of one count of conspiracy to distribute and possess with intent to distribute 50 grams and more of crack cocaine, in violation of 21 U.S.C. §§ 812, 841(a), 841(b)(1)(A), 846. ECF No. 379 (superseding indictment); ECF No. 503 (judgment). On June 28, 2007, this Court sentenced Martinez to 360 months' imprisonment, ECF No. 503, and on December 4, 2009, the Court reduced Martinez's sentence to 324 months' imprisonment based on his positive behavior in prison, ECF No. 972, at 2. The Court subsequently made a formal finding that Martinez was responsible for selling over 150 kilograms of crack – far more than the 50 grams charged in his indictment. ECF No. 1151, at 2.

On March 12, 2019, Martinez moved for a further sentence reduction, pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. ECF No. 1197. Martinez argued that he was eligible for a sentence reduction under section 404 of the Act, and he asked the Court to reduce his sentence to 240

1

months' imprisonment. ECF No. 1197. The Government opposed, arguing, first, that Martinez was ineligible for a sentence reduction under section 404, and second, that even if Martinez were eligible, the Court should exercise its discretion to deny the motion. ECF No. 1205.

After receiving full briefing from the parties, the Court held oral argument on May 30, 2019. At argument, the Court ruled that Martinez was eligible for a sentence reduction. Thereupon, with the agreement of both sides (Martinez being present), the Court proceeded with re-sentencing and reduced Martinez's sentence to 288 months' imprisonment. See Transcript dated May 30, 2019, at 26:12-16. Although the Court gave reasons for its ruling from the bench, it indicated it would provide additional explanation in writing, and now does so.

**Analysis**

In 2010, Congress passed the Fair Sentencing Act, which, inter alia, modified the statutory penalties for certain drug offenses. Pub. L. No. 111-220, 124 Stat. 2372. As relevant here, section 2 of the Fair Sentencing Act increased from 50 grams to 280 grams the amount of crack required to trigger the minimum and maximum sentences imposed by 21 U.S.C. § 841(b)(1)(A). Section 2 also increased from 5 grams to 28 grams the amount of crack required to trigger the minimum and maximum sentences imposed by § 841(b)(1)(B).

Although these provisions of the Fair Sentencing Act have always applied to offenders sentenced after the statute took effect, see Dorsey v. United States, 567 U.S. 260, 264 (2012), originally they did not apply to offenders sentenced before the law's enactment. In 2018, however, Congress passed the First Step Act, which, inter alia, made certain provisions of the Fair Sentencing Act retroactive. As relevant here, section 404(b) of the First Step Act allows "[a] court that imposed a sentence for a covered offense . . . [to] impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." A "covered offense," in turn, is defined by section 404(a) as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . ., that was committed before" the Fair Sentencing Act took effect.

Martinez argues that the plain language of section 404 makes him eligible for resentencing. ECF No. 1197, at 3. When Martinez was sentenced in 2007, the 50 grams charged in his indictment triggered a 10-year mandatory minimum and a life mandatory maximum under § 841(b)(1)(A). Martinez argues that section 2 of the Fair Sentencing Act "modified" "the statutory penalties" for his "violation of a Federal criminal statute" by changing from 50 grams to 280 grams the amount of crack required

3

to trigger § 841(b)(1)(A)'s minimum and maximum. Thus, after the passage of the Fair Sentencing Act, a conviction for 50 grams of crack (absent aggravating circumstances not relevant here) triggers "only" a 5-year mandatory minimum and 40-year mandatory maximum. See 21 U.S.C. § 841(b)(1)(B)(iii).

The Government responds that the Fair Sentencing Act did not modify the statutory penalties for Martinez's violation because Martinez's violation is not the 50 grams charged in his indictment. ECF No. 1205, at 6. Instead, the Government argues, the violation is the 150 kilograms for which the Court ultimately found Martinez responsible. Id. Because 150 kilograms (easily) triggered § 841(b)(1)(A)'s penalties both before and after the passage of the Fair Sentencing Act, the Government contends that Martinez's violation is not a "covered offense" under section 404(a) of the First Step Act and that Martinez is therefore ineligible for resentencing. Id. at 6-7.

This Court agrees with Martinez, and it concludes that the phrase "violation of a Federal criminal statute" refers to the amount charged in the indictment upon which Martinez was convicted, not the amount attributed to him by judicial finding. This conclusion follows not only from the most natural reading of the text, but also from the Second Circuit's decision in United States v. Whitmore, 573 F. App'x 24 (2d Cir. 2014) (summary order). There, as here, the defendant was charged with

4

(and convicted of) conspiracy to distribute more than 50 grams of crack. Id. at 25. And there, as here, the Government argued that the defendant was nevertheless subject to § 841(b)(1)(A)'s post-Fair Sentencing Act penalties because his actual conduct involved more than 280 grams of crack. Id. The Second Circuit rejected the Government's argument, holding that "the offense charged in the indictment, upon which [the defendant] was convicted, does not involve a sufficient quantity of cocaine base to trigger the . . . mandatory minimum under the post-[Fair Sentencing Act] penalty provision of § 841." Id. at 26.[1]

In the instant case, the Government argues that Whitmore is distinguishable because it "involved a district court's legal error at the initial sentencing by failing to apply the Fair Sentencing Act's higher quantity thresholds to a post-Act sentencing for pre-Act conduct." ECF No. 1205, at 6 n.2. But the Court fails to see the legal relevance of this distinction. Whitmore made clear that "the offense charged in the indictment, upon which [the defendant] was convicted" is what "trigger[s] the . . . mandatory minimum under the post-[Fair Sentencing Act] penalty provision of § 841." 573 F. App'x at 26. This logic

---

[1] Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

5

applies with equal force to defendants initially sentenced before and after the passage of the Fair Sentencing Act.

At oral argument, the Government suggested that Whitmore's logic should apply differently to defendants initially sentenced after the passage of the Fair Sentencing Act because "the questions of what statutory penalty applies in the first instance is subject to the constrictions of [Alleyne v. United States, 570 U.S. 99 (2013)] and [Apprendi v. New Jersey, 530 U.S. 466 (2000)] and that whole line of cases, and for that reason has to be based on what is charged in the indictment." Transcript dated May 30, 2019, at 14:18-22. But the defendant in Whitmore was initially sentenced 3 years before Alleyne. And while the Second Circuit's decision in Whitmore was issued over a year after Alleyne, it cites neither Alleyne nor Apprendi.

Moreover, the conclusion that Martinez's violation is a "covered offense" – and that he is therefore eligible for a sentence reduction under section 404 – is supported by the decisions of nearly every court to address the issue. See, e.g., United States v. Davis, No. 07-CR-245S (1), 2019 WL 1054554, at *2-3 (W.D.N.Y. Mar. 6, 2019) (eligibility for relief under First Step Act determined by amount charged in indictment, not amount admitted to in plea agreement); United States v. Allen, No. 3:96-cr-00149-RNC-3, 2019 WL 1877072, at *2-3 (D. Conn. Apr. 26, 2019) (eligibility determined by amount charged in indictment,

6

not amount found at sentencing hearing); United States v. Dodd, 372 F. Supp. 3d 795 (S.D. Iowa 2019) (same). The Government has done its best to corral the few cases that cut against the grain, see, e.g., United States v. Blocker, 4:07CR36-RH, 2019 WL 2051957, at *3-4 (N.D. Fla. Apr. 25, 2019), but it concedes that these decisions are outliers. See Transcript dated May 30, 2019, at 2:22-24.

Having explained why Martinez is eligible for a sentence reduction under section 404, the Court now turns to its decision to reduce Martinez's sentence to 288 months' imprisonment. As noted, section 404(b) of the First Step Act authorizes the Court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." And for the reasons discussed above, if section 2 of the Fair Sentencing Act had been in effect at the time Martinez committed his covered offense, the 50 grams charged in his indictment would have triggered the 5-year mandatory minimum and 40-year mandatory maximum imposed by § 841(b)(1)(B). Such a substantial change in the minimum and maximum warrant some relief for Martinez, who was sentenced in the more punitive context of a 10-year minimum and life maximum. See Transcript dated May 30, 2019, at 21:24-22:5.

In addition, the parties agreed at oral argument that the Court - if it found Martinez eligible for a sentence reduction -

7

could consider all the factors in 18 U.S.C. § 3553(a), including Martinez's post-sentencing conduct. See id. at 18:18-20. As stated from the bench, the Court considered these factors in reducing Martinez's sentence, although it declined to conduct a "plenary" or "de novo" resentencing in any broader sense. Id. at 18:22-25. The Court notes that nearly every other court to address the issue has also held that the First Step Act does not contemplate plenary resentencings. See, e.g., United States v. Sampson, 360 F. Supp. 3d 168, 171 (W.D.N.Y. 2019); United States v. McKinney, No. 06-20078-01-JWL, 2019 WL 2053998, at *2 (D. Kan. May 9, 2019). Because in the instant case there is no genuine dispute among the parties as to the factors that the Court should take into account, the Court need not decide what the limits are on the information that it can permissibly consider.

As a final point, the Government has requested that the Court specify in the instant Order that Martinez's motion is brought under 18 U.S.C. § 3582(c)(1)(B). ECF No. 1205, at 8. As relevant here, § 3582(c)(1)(B) provides that a "court may not modify a term of imprisonment once it has been imposed except that . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." The Court agrees with the Government that the First Step Act provides such "express[] permi[ssion]" and that section 404

8

motions are most naturally interpreted as motions brought under § 3582(c)(1)(B).

In so holding, the Court acknowledges that there is some disagreement among lower courts as to whether section 404 motions are brought under § 3582(c)(1)(B) or § 3582(c)(2). Compare, e.g., United States v. Lewis, No. CR 08-0057 JB, 2019 WL 2192508, at *19 (D.N.M. May 21, 2019) ("First Step Act motions for sentence reduction are 18 U.S.C. § 3582(c)(2) proceedings."), with Davis, 2019 WL 1054554, at *2 ("This Court has construed Davis's motion as one brought under 18 U.S.C. § 3582(c)(1)(B) . . . ."). But § 3582(c)(2) governs cases in which a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." And Martinez's sentencing range was lowered by statute, not by the Commission.

## Conclusion

For the foregoing reasons, the Court, on May 30, 2019, found that Martinez was eligible for a sentence reduction and reduced Martinez's sentence to 288 months' imprisonment.

Dated:   New York, NY
         June 10, 2019

                                         JED S. RAKOFF, U.S.D.J.