UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,                :
                                         :
                                         :        04 Cr. 48-20 (JSR)
          -v-                            :
                                         :        MEMORANDUM ORDER
                                         :
NELSON MARTINEZ,                         :
                                         :
                                         :
          Defendant.                     :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

          Before the Court is the motion of defendant Nelson Martinez

for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

For the reasons set forth below, the motion is granted.

          The relevant background of this case is as follows. Martinez

was a leader of the "Hellbound" conspiracy, which distributed crack

cocaine in the Mitchell Houses in the Bronx from 1994 to 2005.

Order as to Nelson Martinez 1 ("2016 Order"), Dkt. No. 1151. Over

the life of the offense, Martinez sold more than 150 kilograms of

crack cocaine. 2016 Order at 2. On March 14, 2007, Martinez was

convicted by a jury of one count of conspiracy to distribute and

possess with intent to distribute 50 grams and more of mixtures

and substances containing cocaine base, in violation of 21 U.S.C.

§§ 846, 841(a), 841(b)(1)(A). Dkt. No. 379 (superseding

indictment); Dkt. No. 503 (judgment). On June 28, 2007, this Court

sentenced Martinez to 360 months' imprisonment. Dkt. No. 503.

The Court has since twice reduced Martinez's sentence. On December 4, 2009, the Court reduced Martinez's sentence by three years to 324 months' imprisonment, concluding that Martinez had "demonstrated a consistent desire to make positive change while incarcerated and did so without any expectation of reward through resentencing." Dkt. No. 972, at 2. And on May 30, 2019, the Court reduced his sentence by another three years to 288 months' imprisonment pursuant to the First Step Act, in light of the "substantial change in the [applicable statutory] minimum and maximum" penalties and Martinez's post-sentencing conduct." Dkt. No. 1215. Martinez, who is currently housed at the FCI Loretto facility in Loretto, Pennsylvania, is now scheduled for release on April 7, 2026. Including good time credits, Martinez has served nearly seventeen years of his twenty-four-year sentence, or roughly 70%.

On October 13, 2020, Martinez brought the instant motion seeking release pursuant to 18 U.S.C. § 3582(c)(1)(A), due to the combination of his underlying medical conditions (including type II diabetes, hypertension, and asthma) and the threat presented by the COVID-19 pandemic. Dkt. No. 1256. After briefing, the Court held a telephonic argument on the motion earlier this week. Yesterday, in a telephonic conference convened pursuant to the Court's individual rules, the parties informed the Court that

Martinez, along with numerous other inmates at FCI Loretto, had tested positive for COVID-19.

Under § 3582(c)(1)(A), once a defendant has exhausted his administrative remedies, a district court may reduce a defendant's sentence when (1) "extraordinary and compelling reasons warrant such a reduction," (2) the court has "consider[ed] the factors set forth in section 3553(a) to the extent that they are applicable," and (3) "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission," including that the defendant not be a "danger to the safety of any other person or to the community."

The Court easily finds, and the Government either expressly concedes or does not dispute, that Martinez has met the exhaustion requirement, that Martinez's diabetes constitutes an extraordinary and compelling reason for his release, and that Martinez does not pose a danger to any person or community. As a result, the only point of contention is whether the Section 3553(a) factors favor a sentence reduction.

The Court finds that the Section 3553(a) factors weigh in favor of Martinez's immediate release. While the Court's original 360-month sentence (and its subsequently amended 324-month sentence) reflected the seriousness of Martinez's offense and was, at the time, sufficient, but no greater than necessary, to achieve the purposes of sentencing, the Court's analysis must adapt to the

extraordinary and compelling reasons that now militate in favor of his release. Specifically, due to the risks presented by his recent COVID-19 diagnosis, the "history and characteristics of the defendant" and the "need . . . to provide the defendant with needed . . . medical care," § 3553(a), now weigh strongly in favor of Martinez's release, given the severe health risk that continued incarceration poses to him. In addition, in the time since this Court last reduced his sentence, Martinez has continued to devote himself to rehabilitation and self-betterment, a factor that is "plainly . . . relevant to 'the history and characteristics of the defendant.'" Pepper v. United States, 562 U.S. 476, 491, (2011).[1]

Finally, the Court is persuaded that Martinez will have the benefit of a strong network of friends and family who will help him reacclimate to society, a fact supported by the submission of numerous letters submitted on his behalf. As the defense represented to the Court, Martinez will live with his mother in a two-bedroom apartment where he will be able to self-quarantine and convalesce. Accordingly, the Court concludes that reducing

---

[1]   The Court is not persuaded by the Government's suggestion that, while Martinez "has meaningfully engaged in rehabilitation, insofar as that effort called for a sentence reduction, it was accounted for in the defendant's May 2019 resentencing." The Government's Memorandum of Law in Opposition to the Defendant's Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A), Dkt. No. 1259, at 7. Even if the Court's most recent sentence reduction accounted for Martinez's rehabilitation, it obviously did not account for the possibility that Martinez would contract a deadly disease to which he would be especially vulnerable.

Martinez's sentence to time-served followed by supervised release would be sufficient but not greater than necessary to reflect the seriousness of defendant's offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant.

\* \* \* \* \*

For the foregoing reasons, Martinez's motion for compassionate release is granted, and his term of imprisonment is reduced to time served, followed by the five years of supervised release originally imposed in this case. During the five-year period of supervised release, Martinez shall be subject to all the conditions of supervised release set forth in the Judgment dated June 28, 2007. Dkt. No. 503.

The Government is ORDERED to release Martinez from custody immediately. To protect Martinez, his family, and the public, the Court will require Martinez to self-quarantine for fourteen days, physically distancing himself from any other occupants of his home.

It is FURTHER ORDERED that the parties shall meet and confer and submit a proposed order governing the conditions of Martinez's release, including his period of 14 days of self-quarantine, no later than today 5:00 p.m.

SO ORDERED.

Dated: New York, NY

December 4, 2020

JED S. RAKOFF, U.S.D.J.